UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SQUEAKY GATE, INC.,

    Plaintiff,

v.                                          CASE NO. 8:18-cv-2382-T-02SPF

OHIO SECURITY INSURANCE COMPANY,
CELLPHONE MD LLC, LOUIS GARCIA
FABUCCI, and SHEILA DAMARIS
PEREZ SUAREZ,

    Defendants.
_____/

# **O R D E R**

Upon due consideration of Plaintiff's Motion to Remand (Dkt. 16), Defendants' Response in Opposition (Dkt. 20), and the entire file, the Court concludes that remand should be granted.

This case was timely removed on grounds of diversity of citizenship based on the asserted fraudulent joinder of the three Florida Defendants: Fabucci, Suarez and Cellphone. The removing Defendant, Ohio Security Insurance Company (Ohio), is a New Hampshire company with its principal place of business in Boston, Massachusetts.

In Count I of the four-count complaint, Plaintiff alleges a breach of contract claim against Ohio for its denial of coverage for a "loss" of commercial property damage caused by fire. The fire occurred on October 12, 2017, in a retail space leased by Fabucci and Suarez, individually and doing business as Cellphone. The landlord Plaintiff alleges in the remaining three counts that these tortfeasor Defendants were negligent for, among other things, storing combustible and hazardous materials close to a heat source.[1]

Fraudulent misjoinder occurs when a plaintiff purposefully attempts to defeat removal by joining together claims against two or more defendants where the presence of one would defeat removal and where there is no sufficient factual nexus among the claims to satisfy permissive joinder. *See Bryan v. Lexington Ins*. Co., No. CA-06-0225-C, 2006 WL 2052524 (S.D. Ala. July 20, 2006); *Federal Ins. Co. v. Tyco Int'l Ltd.*, 422 F.Supp.2d 357, 378-79 (S.D. N.Y. 2006). Under the permissive joinder rule, claims are properly joined only if they "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and share a common "question of law or fact." *Fed. R. Civ. P.* 20(a)(2).

---

[1] Count II seeks damages against Fabucci, Count III against Suarez, and Count IV against Cellphone.

As one court has observed, "Rule 20 refers to the *same* transaction or occurrence not to *similar* transactions or occurrences." *Hartley v. Clark*, No. 3:09-cv-559-RV-EMT, 2010 WL 1187880, at *3 (N.D. Fla. Feb. 12, 2010) (emphasis added), Report and Recommendation adopted at 2010 WL 1187879 (N.D. Fla. Mar. 23, 2010). Unquestionably, all claims for relief in the instant complaint stem from the same occurrence – the fire that took place in October 2017.

The second part of Rule 20 has also been satisfied. The question of fact common to all Defendants arises from one discrete occurrence: a fire in Tampa. The breach of contract claim involves facts surrounding the fire to determine whether the loss was covered. The three negligence counts necessarily require resolution of the facts regarding how the fire occurred. Thus, the claims against Ohio and the three local Defendants require proof of the same set of facts.

The claims are permissibly joined pursuant to Rule 20. The Defendant tortfeasors were not fraudulently joined to defeat diversity jurisdiction. Three of the Defendants and the Plaintiff are citizens of Florida and therefore complete diversity is lacking.[2]

---

[2] 28 U.S.C. §§ 1332, 1441(b) (2) ("A civil action . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Plaintiff's motion to remand (Dkt. 15) is granted. The Clerk is directed to remand this case to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and, after remand is effected, to close the case.

**DONE AND ORDERED** at Tampa, Florida, on November 8, 2018.

s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record